FRIEDMAN, JAMES & BUCHSBAUM

ATTORNEYS AT LAW
15 MAIDEN LANE
SUITE 1202
NEW YORK, NY 10038

(212) 233-9385
FAX (212) 619-2340
www.friedmanjames.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/21

BERNARD D. FRIEDMAN
JOHN P. JAMES
ANDREW V. BUCHSBAUM

NEW JERSEY OFFICE
21 KILMER DRIVE, SUITE G
MORGANVILLE, NJ 07751

August 23, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:   **Luigi Anderson v. City of New York**
**21 cv-4660 (AJN)**
<u>**Initial Pretrial Conference September 17, 2021 at 3:15 p.m.**</u>

Dear Judge Nathan:

We represent plaintiff in the above-captioned action and write jointly with Erik Zissu

of the New York City Law Department, attorneys for defendant.  Pursuant to 2B of the Court's

Individual Practices in Civil Cases, the parties request the initial pretrial conference scheduled for

September 17, 2021 be canceled.  In the event the parties' request is denied, we respectfully request

the Court to hold the conference remotely by telephone or video.

1.      Plaintiff asserts causes of action for personal injuries he sustained on

October 2, 2020 while employed aboard the Staten Island Ferryboat JOHN J. MARCHI as a

deckhand.  The Ferryboat JOHN J. MARCHI is owned and operated by the defendant.  Plaintiff

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
August 23, 2021
Page 2

contends defendant was negligent pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq,* and the

vessel was unseaworthy pursuant to the General Maritime Law.  Defendant denies it was negligent

and its vessel unseaworthy and contends that plaintiff was contributorily negligent.

        2.      Federal question jurisdiction lies in this Court pursuant to the Jones Act.

Defendant is a municipal corporation with a principal place of business in New York County.

        3.      At the present time, there are no outstanding motions or requests to file

motions.

        4.      Prior to the initial pretrial conference, plaintiff intends to serve Initial

Disclosures which will include available accident reports, medical records, and lost earnings

information.  In order to engage in meaningful settlement negotiations, defendant requires the

deposition of the plaintiff and a medical examination.

        5.      There have been no prior settlement discussions.  The parties believe that a

settlement conference before a Magistrate Judge after the close of fact discovery is appropriate.

        6.      The estimated length of trial is 3-4 days.

        Attached as Exhibit 1 is the Proposed Case Management Plan and Scheduling Order.

        Respectfully,

        **FRIEDMAN, JAMES & BUCHSBAUM LLP**
        Attorneys for Plaintiff

By:  */S/Bernard D. Friedman*
        _____
        Bernard D. Friedman
        bfriedman@friedmanjames.com

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
August 23, 2021
Page 3

**GEORGIA M. PESTANA, ESQ.**
**CORPORATION COUNSEL**
Attorney for Defendant

By:   /S/ *Erik Zissu*

_____

Erik Zissu
ezissu@law.nyc.gov

BDF:kk
Attachment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                :
                                                                :
LUIGI ANDERSON,                                                 :
                                    Plaintiff(s),               :         21__ Civ. 4660 (AJN)
                                                                :
                        -v-                                     :         _____
                                                                :         CIVIL CASE
CITY OF NEW YORK,                                               :         MANAGEMENT PLAN
                                    Defendant(s).               :         AND SCHEDULING
                                                                :         ORDER
                                                                :
------------------------------------------------------------------X

        This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance
with Fed. R. Civ. P. 26(f)(3).

1.  All parties [consent _____ / do not consent ✔] to conducting all further
    proceedings before a United States Magistrate Judge, including motions and trial
    pursuant to 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse
    substantive consequences.
            [If all parties consent, the remaining paragraphs need not be completed.]

2.  Settlement discussions [have _____ / have not ✔] taken place.

3.  The parties [have ✔ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

4.  **[For F.L.S.A. actions only]**

    The plaintiff(s) [do _____ / do not_____] anticipate moving for conditional certification
    of this case as a collective action.

    The defendant(s) [will_____ / will not_____] stipulate to conditional certification.

    [If defendant(s) will not stipulate to conditional certification:]

            Proposed briefing schedule:

                    Opening:          _____

                    Opposition:       _____

                    Reply:            _____

    [Opening brief to be filed no later than 30 days from the date of the initial pretrial
    conference; full briefing to be completed within 30 days of the opening brief]

                                        1

5.  Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [Absent exceptional circumstances, choose a date not more than thirty (30) days following the initial pretrial conference.]

6.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __14__ days from the date of this Order. [Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.]

7.  All fact discovery is to be completed no later than __1/18/22__. [A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

8.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a.  Initial requests for production of documents shall be served by __10/18/21__.

    b.  Interrogatories shall be served by __10/18/21__.

    c.  Depositions shall be completed by ~~3/4/22~~ __1/18/22__.

    d.  Requests to admit shall be served by ~~2/1/22~~ __1/18/22__.

9.  All expert discovery, including disclosure of expert reports, production of underlying documents, and depositions shall be completed by __3/4/22__. [Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery].

10. All motions and applications shall be governed by the Court's Individual Rules.

11. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

12. Counsel for the parties propose the following alternative dispute resolution mechanism(s) for this case:

   a. ☑ Referral to a Magistrate Judge for a settlement conference.

   b. ☐ Referral to the Southern District's Mediation Program.

   c. ☐ Retention of a private mediator.

   The parties seek the above-noted referral [now ☐ / at a later date ☑ ].

   Unless otherwise ordered by the Court, settlement discussions do not stay or modify any date in this Order.

   [If the parties seek the above-noted referral at a later date:]

   Counsel for the parties will submit a letter by ___11/30/21___ seeking the referral.

13. Summary Judgment and *Daubert* motions are to be filed within 30 days of the close of all discovery. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

14. Unless otherwise ordered by the Court, within forty (40) days of the close of all discovery, or, if a dispositive motion has been filed, within fourteen (14) days of a decision on such motion, the parties file via ECF a Joint Pretrial Report prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed via ECF at the same time that the a Joint Pretrial Report is filed. If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and a verdict form shall also be filed at the same time as the Joint Pretrial Report.

15. The parties shall be ready for trial within two weeks of filing the Joint Pretrial Report.

16. This case [is ☑ / is not ☐ ] to be tried to a jury.

17. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

   _____

   None at this time.

   _____

   _____

   _____

Counsel for the Parties:

Bernard D. Friedman
FRIEDMAN, JAMES & BUCHSBAUM LLP

Attorneys for Plaintiff
15 Maiden Lane, Suite 1202
New York, NY 10038
(212) 233-9385
bfriedman@friedmanjames.com

Erik Zissu
GEORGIA M. PESTANA
Corporation Counsel of the
City of New York
100 Church Street, 4th Floor
New York, NY 10007
(212) 356-7168
ezissu@law.nyc.gov

Except for the dates contained in ¶ 8 above, this Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with Court's Individual Rules and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed. Ongoing settlement discussions do not extend any date herein unless expressly ordered by the Court.

The next Case Management Conference is scheduled for ___March 4, 2022___ at ___3:15 p.m.___.

The conference scheduled for September 17, 2021, is adjourned.

SO ORDERED.

Dated: ___8/25/21___
New York, New York

_____
JUDGE ALISON J. NATHAN
United States District Judge

4